UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Samuel J. Bourne

   v.                                          Civil No. 10-cv-393-LM

John R. Arruda, Jr., et al.


**O R D E R**

   Before the court is plaintiff Samuel Bourne's motion for injunctive relief (doc. no. 66), seeking a preliminary injunction barring defendants from rebroadcasting the June 9, 2010, and February 22, 2011, selectmen's meetings, during which Bourne claims he was defamed.  Bourne has shown that the June 9, 2010, meeting was rebroadcast by Madison TV on June 20, 2011, and that the Town provides funding to Madison TV.  Bourne asserts that an injunction is necessary to avoid further reputational harm that he claims would result if either of the two meetings were rebroadcast in the future.

   In ruling on a motion for a preliminary injunction, a district court must consider: "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing an injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest."  Boston Duck Tours, LP v. Super Duck Tours, LLC, 531

F.3d 1, 11 (1st Cir. 2008) (quotation marks and citation omitted). "The first two factors are the most important and, in most cases, 'irreparable harm constitutes a necessary threshold showing for an award of preliminary injunctive relief.'" González-Droz v. González-Colon, 573 F.3d 75, 79 (1st Cir. 2009) (quoting Charlesbank Equity Fund II, LP v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004)). The burden of "'demonstrating that a denial of interim relief is likely to cause irreparable harm rests squarely upon the movant.'" Gonzalez-Droz, 573 F.3d at 79 (quoting Charlesbank Equity, 370 F.3d at 162).

 The parties have not requested an evidentiary hearing on the motion. Nor is the court required to hold such a hearing. The court may rule on a motion for a preliminary injunction on the papers if it has before it "'adequate documentary evidence upon which to base an informed, albeit preliminary conclusion,'" and the parties have been afforded "'a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions.'" Campbell Soup Co. v. Giles, 47 F.3d 467, 470-71 (1st Cir. 1995) (citations omitted). The parties here have had such an opportunity, and the court concludes, for reasons stated below, that plaintiff's motion may be denied at this time on the papers.

As to the threshold question of irreparable harm, plaintiff has provided the court with evidence showing that the June 9, 2010, meeting was rebroadcast once in June 2011.  Plaintiff pairs that fact with the proposition that reputational injury, at least in the business context, may be irreparable.  As to any possible risk of reputational injury resulting from a rebroadcast of the June 2010 meeting, however, plaintiff's motion lacks an evidentiary foundation.  Plaintiff has provided no evidence showing that anything that was said at the June 9, 2010, meeting was actually understood in a defamatory sense by a third party.  See Amended Order (June 10, 2011) (doc. no. 55) at 16 (quoting Thomson v. Cash, 119 N.H. 371, 374, 402 A.2d 651, 653 (1979) (whether words susceptible of being construed to imply fraud or wrongdoing were used in "the defamatory sense is a question of fact for the jury")).

Moreover, as to both meetings, the court finds that Bourne has failed to show that there is any appreciable risk of a rebroadcast in the future, absent an injunction.  Defendants have filed an affidavit of James Molloy, Board Chair of Madison TV, who has stated that the Town and the selectmen do not control Madison TV.  Molloy has stated that Madison TV makes all of its own programming decisions, and that in his position at Madison TV, Molloy sets the weekly programming schedule for Madison TV.  Molloy has stated that year-old selectmen's

meetings are typically not rebroadcast, and that Madison TV does not plan to rebroadcast the meetings at issue.  Molloy further states in the affidavit that the rebroadcast of the June 9, 2010, meeting on June 20, 2011, was an error, which resulted when he intended to air a June 14, 2011, selectmen's meeting, but accidentally pressed the button for the 2010 meeting.

    The court has before it no facts suggesting that rebroadcasts are likely to occur months or years after the original broadcasts, that defendants set the programming schedule at Madison TV, or that having had to explain under oath how one rebroadcasting error occurred, Molloy is likely to make the same error again.  Plaintiff's evidence and conclusory assertions regarding defendants' control over Madison TV's broadcast schedule - including proof that Madison TV receives public funds, and plaintiff's opinion that the June 20 rebroadcast was defendants' intentional response to this court's June 10, 2011, Order, see Doc. no. 55 (dismissing certain claims) – do not cast doubt on the truth of Molloy's sworn statements regarding his past inadvertence and Madison TV's future plans.  Despite having a fair opportunity to do so in his initial motion (doc. no. 66) and in the reply (doc. no. 69), plaintiff has failed to identify facts or circumstances indicating that there is any likelihood that the selectmen's

4

meetings at issue will be rebroadcast in the future, either inadvertently or intentionally.

Plaintiff has therefore failed to carry his burden of proving that an injunction is necessary at this time to avoid irreparable harm. Accordingly, the court denies the motion for preliminary injunctive relief, without prejudice to plaintiff's renewing the motion in the future, if he can prove that the issuance of an injunction is warranted, in light of the evidence in the case.

## Conclusion

For the foregoing reasons, the motion for injunctive relief (doc. no. 66) is denied without prejudice to plaintiff's renewing the motion if, using affidavits or other evidence, he can show that he is likely to succeed on the merits, that an injunction is needed to prevent irreparable harm, and that the balance of harms and the public interest favor issuance of an injunction.

**SO ORDERED.**

_____
Landya McCafferty
United States Magistrate Judge

September 8, 2011
cc: Samuel J. Bourne, pro se
    Brian J.S. Cullen, Esq.

LBM:nmd