UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Samuel J. Bourne

   v.                                                   Civil No. 10-cv-393-LM

John R. Arruda, Jr., et al.


**O R D E R**

Before the court is plaintiff Samuel Bourne's motion (doc. no. 71) to amend the court's August 4, 2011, order and plaintiff's motion for leave to file a reply in support of that motion (doc. no. 75). Defendants have objected to the motion to amend (doc. no. 73), and to the motion for leave to file a reply (doc. no. 76).

I.  Motion for Leave to File Reply

The court finds that the reply memorandum (doc. no. 75-1) clarifies Bourne's intent in filing the underlying motion (doc. no. 71), and thus warrants consideration in connection with that motion. The court therefore grants plaintiff's motion for leave to file the reply memorandum (doc. no. 75), and the clerk is directed to docket the reply memorandum (doc. no. 75-1), attached to that motion, as if filed on the date of this order.

II.   <u>Motion to Amend Court Order</u>

In the motion to amend a court order (doc. no. 71), Bourne requests that the district judge review the magistrate judge's order granting defendants' motion to dismiss certain claims, and that the district judge reinstate the dismissed claims.  Bourne has asserted that such review and reinstatement of claims is warranted because "mistakes, inadvertence, and excusable neglect" underlie the court's dismissal of Bourne's claims. Plf's. Mot. to Am. (doc. no. 67) at 2.  Bourne cites Fed. R. Civ. P. 73(b)(3) and Fed. R. Civ. P. 60(b) as authority for the district judge's intervention in this case.  The entire case is before the undersigned magistrate judge upon the parties' consent.  <u>See</u> Notice of Consent to Jurisdiction (doc. no. 17); <u>see also</u> Defs.' Objection (doc. no. 44), at 2 (noting consent of all parties to magistrate judge's jurisdiction); <u>see generally</u> 28 U.S.C. § 636(c).

A consent-based reference of a case to a magistrate judge results in the magistrate judge having full jurisdiction over the case, analogous to the authority of the district judge over a pending case.  <u>See</u> <u>Roell v. Withrow</u>, 538 U.S. 580, 584 (2003) (consent-based referral under § 636(c)(1) "gives magistrate judge full authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court

2

review"). The district judge does not generally play any supervisory role in such a case, except as authorized by 28 U.S.C. § 636(c)(4) and Fed. R. Civ. P. 73(b)(3) (motion to vacate referral may be granted by district judge upon showing of extraordinary circumstances). See Peer v. Lewis, No. 06-60146-CIV, 2011 WL 3300137, *5 (S.D. Fla. Aug. 2, 2011) ("Once consent has been given for a full referral under 28 U.S.C. § 636(c), the district judge's supervisory authority is limited to consideration of timely motions to vacate the referral.")

Bourne has clarified that he filed the subject "motion to amend" (doc. no. 71) with the intent of requesting "the District Court Judge to review the Magistrate Judge's substandard Court order (document No. 67) due to obvious mistakes, inadvertence, and neglect," thereby offering the district court an opportunity to correct errors Bourne perceives in the magistrate judge's rulings. See Plf.'s Reply to Defs.' Obj. to Plf.'s Mot. to Am. Ord. dated Aug. 4, 2011 (doc. no. 75-1), at 1. Such piecemeal, ruling-by-ruling oversight by the district judge, however, is not available here where the magistrate judge is presiding upon the parties' consent under 28 U.S.C. § 636(c)(1).

Because Bourne's motion (doc. no. 71) does not specifically request that the district judge vacate the referral of the case, this court declines to construe the motion as seeking district

court intervention under Fed. R. Civ. P. 73(b)(3) and 28 U.S.C. § 636(c)(4), and instead construes the motion as seeking reconsideration of an allegedly erroneous interlocutory order.[1] A party in this court seeking reconsideration of an interlocutory order must show that the order was based on a manifest error of law or fact.  See LR 7.2(e); cf. Farr Man & Co. v. M/V Rozita, 903 F.2d 871, 874-75 (1st Cir. 1990) (district court has inherent power, not limited by Fed. R. Civ. P. 60(b), to reconsider interlocutory orders).  Upon duly reviewing the arguments and issues raised by Bourne, the court finds no error in the underlying order (doc. no. 55), or in the

---

[1] The court notes that Bourne has failed to show any extraordinary circumstances that could warrant granting him leave to withdraw his consent to the magistrate judge's jurisdiction.  See Fed. R. Civ. P. 73(b)(3) and 28 U.S.C. § 636(c)(4) (providing that district court may vacate consent-based reference for good cause upon its own motion, or upon party's motion only if party has shown that extraordinary circumstances warrant such action).  Here, Bourne has asserted that in denying his motion for reconsideration (doc. no. 57), the magistrate judge denied him due process.  The aspect of the underlying order that Bourne asserts denied him due process consists of this court's admonishing Bourne for failing to seek the concurrence of opposing counsel before filing a motion to reconsider.  That admonition did not deprive Bourne of any protected interest and, therefore, cannot be construed as a denial of due process.  Moreover, a party's contention that an order was erroneous does not suffice to show any circumstance warranting the withdrawal of consent or the revocation of a referral.  See Rivera v. Rivera, 216 F.R.D. 655, 661 & n.33 (D. Kan. 2003) (motion to withdraw consent to magistrate judge's jurisdiction, citing only dissatisfaction with prior court orders, does not show extraordinary circumstances warranting relief requested).

subsequent order denying Bourne's first motion to reconsider that underlying order (doc. no. 67), upon which any further reconsideration might be warranted. Therefore, the "motion to amend" (doc. no. 71) is denied.

## Conclusion

For the foregoing reasons, the motion for leave to file the reply memorandum (doc. no. 75) is GRANTED. The clerk is directed to docket the reply memorandum (doc. no. 75-1) as filed upon this date. Bourne's "motion to amend court order dated Aug. 4, 2011" (doc. no. 71) is DENIED.

**SO ORDERED.**

_____
Landya McCafferty
United States Magistrate Judge

September 28, 2011

cc:  Samuel J. Bourne, pro se
     Brian J.S. Cullen, Esq.

LBM:nmd