UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Samuel J. Bourne

   v.                                                Civil No. 10-cv-393-LM

John R. Arruda, Jr., et al.


**O R D E R**

Currently before the court in this case are the following: (1) a motion for partial judgment on the pleadings (doc. no. 81) filed by defendants, John R. Arruda, Jr., Michael Brooks, and the Town of Madison ("Town"); and (2) defendants' motion to compel answers to interrogatories (doc. no. 89).[1]  Each motion has been fully briefed.  See Pl.'s Obj. Mot. J. on Pldgs. (doc. no. 83); Defs.' Reply (doc. no. 85); Pl.'s Surreply (doc. no. 91); Pl.'s Obj. Mot. to Compel (doc. no. 92).

For reasons set forth below, the motion for judgment on the pleadings (doc. no. 81) is denied, and defendants' motion to compel (doc. no. 89) is granted, subject to conditions set forth herein.

---

[1] Also pending at this time is plaintiff's motion to compel (doc. no. 82), which will be resolved in a separate order.

**Discussion**

I.  Motion for Judgment on the Pleadings

    A.  Standard

For the court to grant a motion for judgment on the pleadings seeking dismissal of a claim on the basis of an affirmative defense, "the facts establishing that defense must: (1) be 'definitively ascertainable from the complaint and other allowable sources of information,' and (2) 'suffice to establish the affirmative defense with certitude.'" Gray v. Evercore Restructuring LLC, 544 F.3d 320, 324 (1st Cir. 2008) (quoting Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006)). Allowable sources of information for evaluating the defense include the complaint, the documents annexed to it, materials fairly incorporated within it, and matters susceptible of judicial notice. See Rodi v. S. New England Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004). All well-pleaded facts in the complaint are viewed in the light most favorable to the plaintiff, and all inferences are drawn in plaintiff's favor. See Gray, 544 F.3d at 324.

In this case, this standard of review must be applied with due regard for plaintiff's pro se status. Pro se pleadings are construed liberally, to avoid inappropriately stringent rules

and unnecessary dismissals. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).

B.  Claim and Affirmative Defense at Issue

As construed by this court in its order denying defendants' motion to dismiss, see Order (doc. no. 55), the claim at issue in the motion is Bourne's claim that Arruda defamed him by implying that Bourne himself engaged in underhanded conduct in "alter[ing]" a town road waiver agreement, despite knowing that Bourne's attorney revised the agreement and sent it to the Town for signature.  Defendants seek dismissal of that claim because, they contend, the facts alleged in the complaint and other allowable sources of information establish the affirmative defense of "substantial truth" with the requisite degree of certitude, insofar as Bourne has pleaded facts establishing that his attorney was acting as his agent in revising the agreement.

A statement alleged to be defamatory is not actionable if it is substantially true.  See Thomas v. Tel. Publ'g Co., 155 N.H. 314, 335, 929 A.2d 993, 1013 (2007); see also Collins v. Univ. of N.H., 664 F.3d 8, 19 (1st Cir. 2011).  The "literal

truth of a statement is not required so long as the imputation is substantially true so as to justify the gist or sting of the remark." Faigin v. Kelly, 978 F. Supp. 420, 425 (D.N.H. 1997) (internal quotation marks and citations omitted). "[A] false and defamatory inference may be derived from a factually accurate news report." Id. (internal quotation marks and citation omitted); accord Thomas, 155 N.H. at 335, 929 A.2d at 1013.

Arruda's statement that Bourne "altered a town document" appears in Arruda's description of his first encounter with Bourne. In ruling on defendants' motion to dismiss, this court previously concluded that Arruda's statement could be construed, in context, to imply that Bourne took unfair advantage of the Town. See Order (doc. no. 55). The sole basis upon which defendants assert substantial truth in seeking dismissal of the claim is the agency relationship between Bourne and his counsel. The sting or gist of Arruda's statement and its alleged falsity do not turn on the consequences of that agency relationship or on the true identity of the revised document's scrivener. Rather, the gist or sting lies in the implication that it was deceptive or underhanded to revise the town document under the circumstances. Defendants have failed to demonstrate the

substantial truth of that construction of Arruda's remarks. Accordingly, the motion for judgment on the pleadings is denied.

## II. Discovery Motion

### A. Standard

Fed. R. Civ. P. 26(b)(1) allows for discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense," including information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 37(a) allows for motions to compel answers to interrogatories or document production requests, and the rules authorize the court to impose sanctions for a party's failure to obey discovery orders, see Fed. R. Civ. P. 37(b).

The party moving to compel discovery over an adversary's objection bears the burden of showing that the information is relevant, see Caouette v. OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005), and that the answers at issue are incomplete, evasive, or inadequate. See Vaughn v. Bernice A. Roy Elem. Sch., No. 05-cv-223-JD, 2007 WL 1792506, *1 (D.N.H. June 19, 2007). The party resisting the motion bears the burden of establishing an applicable privilege and showing that it has not been waived. See Lluberes v. Uncommon Productions, LLC, 663 F.3d 6, 24 (1st Cir. 2011); FDIC v. Ogden Corp., 202 F.3d 454,

460 (1st Cir. 2000). Where the cause of action arises under state law, privilege issues are determined in accordance with state law. See Lluberes, 663 F.3d at 23 (privilege issues in defamation action are determined in accordance with state law (citing Fed. R. Evid. 501)).

The court must limit the scope or frequency of discovery if the information "can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i) and (iii).

B.  Discovery Issues

Defendants have moved to compel plaintiff to provide complete answers to Interrogatories 6, 17, and 19, to produce federal income tax returns for tax years 2007 to the present (Interrogatory 18), and to identify persons known to plaintiff who viewed the broadcasts at issue (Interrogatory 16). Plaintiff asserted objections to these discovery requests and/or provided incomplete or nonresponsive answers. See Fed. R. Civ.

P. 37(a)(4) (evasive or incomplete response is treated as failure to respond).

Plaintiff's specific objections to Interrogatories 6 and 16 were that the requests were overly broad and unduly burdensome, and, as to No. 6, poorly drafted and not reasonably calculated to lead to admissible evidence. Counsel clarified in later correspondence with Bourne that Interrogatory 6 sought to elicit a list of employment activities or other pursuits that Bourne claimed to be unable to engage in as a result of defendants' statements. Bourne failed to provide any information in response to Interrogatory 6. As to Interrogatory 16, seeking the names of persons known to Bourne who viewed the broadcasts at issue, Bourne objected and directed defendants to all registered taxpayers in the town and to residents of Carroll County with access to the broadcasts.

As to defendants' request for production of federal income tax returns from 2007 to the present, set forth in Interrogatory 18, Bourne failed to produce the documents at issue and objected on the basis of relevance, attorney client privilege, work product, and invasion of privacy. As to Interrogatories 17 and 19, Bourne generally objected, asserted that he had not yet itemized his damages, and offered to provide a supplemental response in the future "if necessary."

Bourne has further asserted that this court should deny the motion to compel because, he claims, defendants did not quote his responses or their requests verbatim, did not cite the federal rules of civil procedure in serving their discovery requests, and did not adequately attempt to resolve issues without court intervention.

C. Tax Returns

Federal income tax returns are discoverable where the returns are relevant to the claims of the parties, and the information is not readily available in another form. Buntzman v. Springfield Redev. Auth., 146 F.R.D. 30, 32 (D. Mass. 1993) (ordering production of federal income tax returns where plaintiff claimed lost income and failed to show that same information was readily available in another form); see also Enterasys Networks, Inc. v. DNPB, LLC, No. 04-cv-209-PB, 2006 WL 1644598, *1 (D.N.H. June 12, 2006). Neither the attorney-client privilege nor work product protection shields the returns from discovery. See Sawyer v. Boufford, 113 N.H. 627, 628-29, 312 A.2d 693, 694 (1973) ("federal income tax returns are not privileged as a matter of law when they are material to the claims of the parties" (citing Currier v. Allied N.H. Gas. Co., 101 N.H. 205, 137 A.2d 405 (1957)); see also United States v. Textron Inc., 577 F.3d 21, 31 (1st Cir. 2009) (work product

privilege does not apply to documents generated in "preparing financial statements"), cert. denied, 130 S. Ct. 3320 (2010); United States v. Mumbayyid, No. Crim. 05-40026-FDS, 2007 WL 2475872, *4 (D. Mass. Aug. 6, 2007) ("[p]reparation of tax returns, without more, is an accounting, not a legal function").

In this case, Bourne has demanded $1.5 million in damages. He has specifically asserted that he suffered damages including "probable loss of work." Bourne has offered no alternative to the disclosure of his tax returns to provide information relating to whether he has lost income as a result of the claimed defamation, and he has refused to waive any claim he may have for such economic losses in this case. Defendants are therefore entitled to engage in discovery as to Bourne's income before and after the alleged defamation, and such discovery may include Bourne's tax returns for the years in question.

To address Bourne's privacy concerns, this court may issue a protective order controlling how the tax returns are used. See, e.g., Buntzman, 146 F.R.D. at 33. Accordingly, the court orders production of the returns at issue, subject to the protective conditions set forth in the conclusion of this order.

### D. Overbreadth, Burden, and Relevance

Bourne asserts that certain interrogatories are overly broad, "unintelligible," unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence. The court finds, however, that the requests at issue are properly limited in time and scope to matters at issue in this litigation, and that they are designed to lead to the discovery of admissible evidence as to whether the statements at issue were published to a third party, and as to the nature and extent of Bourne's injuries and damages that he is claiming, resulting from the alleged defamation. See, e.g., Thomson v. Cash, 119 N.H. 371, 376, 402 A.2d 651, 654-55 (1979) (whether plaintiff in defamation case has sustained injury or any damage, and nature and extent thereof, are questions for determination by trier of fact); Waterfield v. Meredith Corp., 161 N.H. 707, 711, 20 A.3d 865, 869 (2011) (publication requires proof that statement was communicated to and actually understood by third party).

Bourne has failed to show how providing complete responses to the requests at issue would impose any excessive burden upon him. The identity of persons who viewed the broadcasts is relevant to the element of publication, and a request that he list all those he knows to have viewed the broadcasts does not impose any undue burden. Bourne has not waived any claim he may have for special damages here, including economic losses. The extent of his injuries, measured in part by any decrease in his ability to pursue certain activities due to the alleged

defamation, may be relevant to the factfinder's determination of damages if liability is established. The information requested is relevant to the claims at issue, and the burden of responding is not disproportionate in light of all of the relevant factors. See Fed. R. Civ. P. 26(b)(2)(C). Accordingly, the cited objections fail to provide any ground for this court to deny the motion to compel.

    E.    Remaining Issues

Bourne has maintained that he had no duty to respond to the discovery requests because defendants cited a New Hampshire Superior Court rule and did not explicitly invoke the federal rules on the first page of their discovery requests. Parties need not cite the federal rules by chapter and verse, however, when serving discovery requests. Defendants properly captioned the requests to show that they related to this lawsuit and, within the requests, specifically referred to plaintiff's continuing obligation under the "federal rules" to supplement his answers.

Additionally, Bourne claims that defendants' counsel did not adequately attempt to resolve the dispute before filing a motion to compel, and failed within the text of the motion to quote all of Bourne's objections and responses to the discovery requests at issue, pursuant to Local Rule 37.1. Having reviewed

11

the motion, Bourne's objection, and the exhibits attached to the motion, including the email correspondence and the full text of Bourne's discovery responses, the court finds that counsel effectively met his obligations under the applicable rules, and that Bourne has failed to assert either a valid privilege or persuasive objection to Interrogatories 6 and 16 to 19.

The court declines defendants' invitation to sanction Bourne. Bourne's objections were, for the most part, colorable, and no court order has been violated. In all other respects, the motion to compel is granted, subject to the conditions set forth below.

## Conclusion

Defendants' motion for judgment on the pleadings (doc. no. 81) is DENIED. Defendants' motion to compel (doc. no. 89) is GRANTED as follows:

1.   Bourne shall provide complete responses to Defendants' Interrogatory Nos. 6, 16, 17 and 19, within fourteen days of the date of this order.

2.   Unless Bourne files in this court a notice of his intent to forego any claim for economic losses in this action, within fourteen days of the date of this order, Bourne shall serve upon defendants' counsel a response to Interrogatory 18,

consisting of a complete copy of his federal income tax returns for tax years 2007-2011.  Bourne may redact from the returns the names and birthdates of non-party taxpayers and dependents, and all social security numbers, including his own.

    3.    Defendants' use of Bourne's tax returns shall be subject to the following conditions:

        A.    The tax returns may be reviewed by defendants' counsel, any expert retained for the purpose of providing an opinion as to Bourne's economic losses, necessary clerical staff and paralegals in counsel's office, Arruda, Brooks, and one representative of the Town.  The contents of Bourne's tax returns are not to be disclosed to any other person, without prior leave of the court or Bourne's express consent.

        B.    The returns shall not be transmitted over the Internet, without prior leave of the court or Bourne's express consent.

        C.    No use of the returns shall be made except for this litigation.

        D.    At the conclusion of the lawsuit, defendants' counsel shall cause each copy of the returns to be destroyed.

    4.    The parties shall bear their own costs and fees.

    5.    Bourne's failure to comply with this order and failure to serve complete responses to the discovery requests as specified herein, without good cause, will result in the imposition of an appropriate sanction, pursuant to Fed. R. Civ. P. 37(b)(2), which may include an order precluding a claim for economic losses, an order precluding evidence that certain

individuals viewed the broadcasts, and the imposition of attorney's fees and costs.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

April 2, 2012

cc: Samuel J. Bourne, pro se
   Brian J.S. Cullen, Esq.

LBM:nmd