UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Samuel J. Bourne

   v.                                              Civil No. 10-cv-393-LM

John R. Arruda, Jr., et al.

**SUPPLEMENTAL ORDER**

    In an order dated April 2, 2012 ("April 2 Order"), the court granted defendants' motion to compel responses to certain discovery requests (doc. no. 89). The court omitted from the April 2 Order a specific ruling on defendants' motion to compel as to Interrogatory No. 15, which was also part of their original motion (doc. no. 89). The court hereby addresses that omission by issuing the following supplemental order relating to defendants' motion to compel. See Fed. R. Civ. P. 60(a) (court on its own motion may correct omissions in prior orders).

    The relevant standards for ruling on discovery motions are set forth in the April 2 Order and need not be repeated here. Defendants' Interrogatory No. 15 seeks relevant information regarding the identity of persons known to plaintiff who were involved in or knew of the alleged defamation, and the nature of any harm to the plaintiff's reputation claims. Additionally, defendants embedded in the interrogatory a request for the

production of all documents that evidence that plaintiff's reputation has been harmed.

Plaintiff responded to the discovery request by citing cases that, he asserts, define when a statement may be deemed defamatory, and by restating his claim that he was defamed when comments made at two selectmen's meetings were broadcast to the "general public." Additionally, plaintiff noted that defendants have recordings and transcripts of the meetings. Plaintiff generally objected to all interrogatories to the extent that they sought irrelevant material, attorney-client communications, work product, documents prepared for litigation, and documents to be used for impeachment, but plaintiff neither specifically identified what privileges or objections applied to particular items to be discovered, nor produced a privilege log that would allow the court to evaluate his general claims of privilege.

Plaintiff's response to defendants' Interrogatory No. 15 identifies only the defendants as persons known to plaintiff who were involved in or knew of the alleged defamation. Additionally, plaintiff has failed to describe the nature of any reputational harm he claims to have suffered.

As to the document production request, plaintiff pointed to the transcripts and recordings of the selectmen's meetings, and further stated in the preface to all of his responses that "all

relevant documents" are already in defendants' possession, without any further identification of those documents. Plaintiff's statements do not clarify whether or how such "relevant documents" show the nature of the reputational harm he claims. Therefore, the answers are incomplete and evasive.

Moreover, plaintiff has not justified his failure to fully and sufficiently respond to defendant's Interrogatory No. 15 by any showing regarding the relative burdens and benefits of the requested discovery, any other objection that would warrant a court order limiting the scope of discovery, or any valid, verifiable claim of privilege. See Fed. R. Civ. P. 26(b)(2) and (5); Lluberes v. Uncommon Prods., LLC, 663 F.3d 6, 24 (1st Cir. 2011) (party resisting motion to compel has burden to show applicable privilege). Accordingly, the motion to compel (doc. no. 89) as to defendants' Interrogatory No. 15 is granted.

## Conclusion

For reasons stated above and in the April 2 Order, the court hereby grants the motion to compel (doc. no. 89), with respect to Interrogatory No. 15. Plaintiff shall serve upon defendants a complete response to defendants' Interrogatory No. 15, and shall either produce the requested documents or identify any responsive documents already within defendants' possession, within 14 days of the date of this Supplemental Order.

The parties shall bear their own costs at this time as to this aspect of the Motion to Compel (doc. no. 89).  Failure to comply with this order, without a showing of good cause, may result in the imposition of sanctions, pursuant to Fed. R. Civ. P. 37(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

June 12, 2012

cc:  Samuel J. Bourne, pro se
     Brian J.S. Cullen, Esq.

LBM:nmd