```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Samuel J. Bourne

    v.                                   Civil No. 10-cv-393-LM

John R. Arruda, Jr., et al.


**O R D E R**

Currently before the court is plaintiff Samuel Bourne's motion (doc. no. 110), which seeks partial reconsideration of the order (doc. no. 105) denying his motion to compel, with respect to documents that this court found to be privileged and not discoverable.  Defendants have objected (doc. no. 111) to Bourne's motion for reconsideration (doc. no. 110).

Also before the court is plaintiff's self-styled "Notice of Full Compliance with Court Order" (doc. no. 120) (hereinafter "Notice").  Both matters are addressed below.


**Discussion**

I.   Nonconforming Document (doc. no. 120)

Bourne's Notice (doc. no. 120) consists of his response to defendants' Interrogatory No. 15 and to a document production request propounded upon Bourne.  The court had granted defendants' motion to compel and had directed him to serve those

responses upon defendants.  See Order (doc. no. 119).  Pursuant to Fed. R. Civ. P. 5(d)(1), such discovery requests and responses shall not be filed until used in the proceeding, unless the court otherwise orders.  Here, the court has not granted Bourne leave to file his discovery responses.

The court may order a discovery response to be stricken and removed from the docket, see Local Rule ("LR") 5.2, and the court now orders that Bourne's Notice (doc. no. 120) be so stricken and removed from the docket.  This is the second time that Bourne's filing of a discovery response has caused the court to strike the filing, see Order (doc. no. 101).  Being alerted twice to the pertinent rules, the court expects Bourne will not make the same filing error again.

II.  Motion to Reconsider (doc. no. 110)

Local rule 7.2(e) requires a party moving for reconsideration to demonstrate that the relevant order "was based on a manifest error of fact or law."  Bourne seeks partial reconsideration of this court's May 3, 2012, order denying his motion to compel ("May Order"), to the extent that the court found that documents sought by plaintiff and submitted to the court by defendants for in camera review, are privileged and not

discoverable.  Bourne's arguments in support of his motion (doc. no. 110) are addressed below.

    A.    <u>Compelling Need</u>

Bourne has asserted that the court erred in ruling that he failed to show a compelling justification for overriding the attorney-client privilege as to the documents at issue. Specifically, Bourne asserts that certain emails listed in the privilege log are relevant to his claim that the allegedly defamatory remarks were "preplanned," and that the factfinder's interest in a full disclosure of documents relevant to his claim of preplanning (including documents that could be used for impeachment) constitutes a compelling reason for overriding the privilege.

Under the New Hampshire rules that control the resolution of privilege issues in this case, "[r]elevance alone is not the standard for determining whether or not privileged materials should be disclosed." <u>Desclos v. S. N.H. Med. Ctr.</u>, 153 N.H. 607, 611, 903 A.2d 952, 957 (2006).  In other words, that a privileged attorney-client communication may include relevant information, and be valuable for impeaching a witness, is not a sufficient reason for overcoming the attorney-client privilege, if the privilege has not been waived.  Rather, the court may pierce such a privilege only if the party seeking the disclosure

shows that there is a reasonable probability that the records at issue contain information that is relevant and material, that there is a compelling need or justification for disclosure, and that there is no alternative source of the same information. See McGranahan v. Dahar, 119 N.H. 758, 764, 408 A.2d 121, 125 (1979); see also Desclos, 153 N.H. at 616, 903 A.2d at 960-61. Here, Bourne has failed to make any showing that the information he seeks is unavailable from other sources, and for that reason alone, the court could decline to reconsider its previous order. See Declos, 153 N.H. at 615, 903 A.2d at 960 (party seeking privileged documents must provide more than conclusory statements; it is not sufficient to argue that privileged information is "best source of evidence sought").

In addition, Bourne has failed to demonstrate any compelling justification for piercing the privilege. In evaluating a claim of a compelling justification, this court must consider whether there is a sufficiently important public interest at stake favoring disclosure. See id., 153 N.H. at 618, 903 A.2d at 962. The public interest underlying the attorney-client privilege is an interest in promoting frank discussions between attorneys and their clients for the purpose of promoting law-abiding behavior and reducing the social burden of unnecessary or improvident litigation and lawlessness. See

4

Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) (purpose is to encourage frank communication and to promote "broader public interests in the observance of law and administration of justice"); McGranahan, 119 N.H. at 764-65, 408 A.2d at 125. That interest is well-served by maintaining confidentiality here, and would be undermined to the extent that the alleged evidence of pre-planning consists of communications for the purpose of seeking and transmitting legal advice between attorneys, clients, co-defendants, and/or co-clients.

Attorney Cullen has asserted that he has played a gatekeeper role in providing legal advice to Town officers and agents in their dealings with Bourne, because of the "ever-present threat of litigation." Bourne has failed to carry his burden of showing that there is a compelling justification for rendering discoverable the privileged attorney-client communications concerning the letters to the editor, that may be relevant to his claim of "preplanning." Therefore, reconsideration shall not be granted as to this issue.[1]

---

[1] Bourne has not suggested that the crime-fraud exception to the attorney-client privilege applies here, N.H. R. Evid. 502(d)(1), and the court's review of the in camera submission shows that such a claim would be meritless.

B.   Meetings and State Right to Know Law

Bourne's next argument arises from his bald assertion that unspecified documents in the in camera submission were "discussed during private meetings" at Town Hall, and that because such meetings should have been public under N.H. Rev. Stat. Ann. ("RSA") § 91-A, the documents must be discoverable.

Defendants have denied that any such meetings occurred with respect to the documents at issue.  On this issue, as to which Bourne bears an evidentiary burden, Bourne's failure to substantiate the truth of his allegations renders reconsideration unwarranted on this ground.  Cf. Ettinger v. Town of Madison Planning Bd., 162 N.H. 785, 791, 35 A.2d 562, 567 (2011) (nothing in State Right to Know Law requiring meetings to be held in public similarly requires public bodies to share internal legal documents with meetings' public attendees).

C.   Alleged Waiver

Bourne further contends that the exchange of emails between the Selectmen, Robert King, and unspecified "others" waived the attorney-client privilege.  In the May Order, this court previously explained that King and the Selectmen shared common counsel (Attorney Cullen) in pending litigation against Bourne, and that the emails exchanged during that time related to a

6

matter of common interest therein (i.e., responding to Bourne's letters while litigation remained pending between King, Town officials, and Bourne).  For reasons explained in the May Order and herein, defendants have carried their burden of showing that the communications were privileged and that the privilege had not been waived; disclosures among the parties represented by the same lawyer, their common counsel, the insurer paying for that representation, and/or another lawyer representing King subject to a joint defense agreement, relating to such matters of common interest during pending litigation, are not subject to discovery in this litigation involving a similar set of parties and alignment of interests.  Bourne has failed to substantiate that disclosures were made to any persons who are outside of the circle of privilege, and whose communications are not shielded by N.H. R. Evid. 502.

    D.   Privilege Log and In Camera Submission

Bourne asserts that defendants "knowingly failed to produce all of their so-called privileged documents" for in camera review.  That unsupported assertion is flatly denied by defendants and contradicted by the court's comparison of the privilege log and in camera submission.  Nothing in the record suggests that the court's earlier decision rejecting this claim was erroneous.  The court denies reconsideration on this basis.

The court notes, however, that it has identified one email included in the in camera submission that is not listed in the privilege log, a discrepancy that the court did not note previously. The court presumes that defendants have intended to assert attorney-client privilege and work product protection as to the omitted email, given its nature, presence in the in camera submission, and location along a string of two other emails listed in the privilege log, as to which the attorney-client and work product privileges were asserted.

The omitted email, dated May 5, 2010, is from Robert King to Michael Brooks, and it transmits, with King's brief comments, two email attachments separately listed in the privilege log as subject to attorney-client privilege. See Privilege Log Doc. Nos. 6 and 7. This court previously found those attachments to be privileged. See Order (doc. no. 105). Based on the representations in Attorney Cullen's affidavit and the court's review of the May 5 email in context, as part of an email chain involving two other privileged attorney-client communications, the court similarly finds that the May 5 email is privileged. That email conveys Attorney Cullen's advice applicable to his co-clients, King and the Town, with respect to Bourne's letter to the editor, and thus represents the transmission of a privileged communication from one co-client to another in a

8

manner plainly manifesting an intent to preserve confidentiality as against third parties. Cf. N.H. R. Evid. 502(d)(5) (suggesting that extant joint-client privilege protects attorney-client communications exchanged between aligned co-clients regarding matters of common interest insofar as such communications are expressly excepted from privilege when offered in subsequent litigation between those clients).

Moreover, the attached email from Attorney Cullen is a document containing his mental impressions, prepared at a client's request, during pending litigation and in anticipation of further litigation involving Bourne. That email is protected from disclosure by the work product doctrine. See Fed. R. Civ. P. 26(b)(3). The prevailing rule is that, because "work product protection is provided against 'adversaries,' . . . only disclosing material in a way inconsistent with keeping it from an adversary waives work product protection.'" United States v. MIT, 129 F.3d 681, 687 (1st Cir. 1997); see also Gerber v. Down E. Cmty. Hosp., 266 F.R.D. 29, 34 (D. Me. 2010). The protection was not waived, as it was transmitted in a manner liable to disclose it to Bourne. Additionally, the court notes that Bourne has failed to make the requisite showing of undue hardship, unavailability, and substantial need that would be required to obtain any legal opinions contained within the

emails in question.  See id. (party seeking disclosure of otherwise discoverable attorney work product must show substantial need for materials to prepare case and inability to obtain substantially equivalent information by other means, without undue hardship).

A party asserting a claim of privilege in response to a discovery request must make the claim and describe the nature of the information in a manner that will enable other parties to assess the claim.  See Fed. R. Civ. P. 26(b)(5)(A).  The court cannot find on the record before it that the failure to log the May 5 email manifested anything but a clerical error, and even if the omission technically violated Fed. R. Civ. P. 26(b)(5), that error would not warrant disclosure as a sanction.  See generally 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Fed. Pract. and Proc. § 2016.1 (3d ed. 2010) (minor technical violation with respect to timing of claims of privilege, where bad faith and dilatory tactics are not otherwise evident, does not militate in favor of finding of waiver).  Accordingly, the court denies the motion with respect to the allegedly incomplete privilege log and in camera submission.

## Conclusion

For the foregoing reasons, the court denies the motion to reconsider (doc. no. 110) and directs that Bourne's Notice (doc. no. 120) be stricken and removed from the docket.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

July 16, 2012

cc: Samuel J. Bourne, pro se
    Brian J.S. Cullen, Esq.

LBM:nmd