**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Samuel J. Bourne

    v.                          Civil No. 10-cv-393-LM

John R. Arruda, Jr., et al.

**O R D E R**

Currently before the court are the following motions[1]:

- Defendants' motion to compel plaintiff to answer deposition questions at a reconvened deposition (doc. no. 108);

- Defendants' motion for contempt (doc. no. 107);

- Defendants' motion to strike materials purporting to show witness intimidation and harassment (doc. no. 117), set forth in or appended to plaintiff's objection to defendants' contempt motion;

- Defendant's motion to stay proceedings (doc. no. 109); and

- Plaintiff's "Cross Motion for Abuse of Process" (doc. no. 112).

Plaintiff has objected to each of defendants' motions (doc. nos. 113-15, and 118), and defendants have objected to plaintiff's motion (doc. no. 116). The court herein addresses each motion.

_____
[1]Plaintiff's motion for reconsideration (doc. no. 110) is addressed in a separate order issued on this date.

**Discussion**

I.  <u>Motion to Compel (doc. no. 108)</u>

Defendants seek an order compelling Bourne to answer
questions that he refused to answer at his May 7, 2012,
deposition, and to direct that the deposition be reconvened at
Bourne's expense.  Defendants assert that Bourne engaged in bad
faith and dilatory tactics by refusing to answer questions and
by failing to bring reading glasses.  The specific questions,
answers, and objections in the deposition transcript relate to
the request that Bourne authenticate, review, or comment on
documents, which he refused to do because he lacked reading
glasses; Bourne's assertion of a privilege, including
specifically, work product privilege, as a reason for refusing
to answer questions; and Bourne's assertion of irrelevance as a
reason for refusing to answer questions.  Defendants seek
sanctions, including an award of their costs and fees, and the
exclusion of Bourne's evidence relating to damages.

Bourne's objection to the motion asserts, among other
things, that the motion was submitted in bad faith, that his
objections justified his refusals to answer, and that he should
not be required to testify at a deposition regarding hearsay or

2

his work product.  Bourne also objects to the request for
sanctions.

A.   Standard

Rule 37(a) allows for motions to compel responses to
deposition questions.  See Fed. R. Civ. P. 37(a)(3).  The party
moving to compel generally bears the burden of showing that the
inquiry is relevant to a claim or defense, see Caouette v.
OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005), and
that the answers were incomplete or evasive.  See Vaughn v.
Bernice A. Roy Elem. Sch., No. 05-cv-223-JD, 2007 WL 1792506, *1
(D.N.H. June 19, 2007); see also Fed. R. Civ. P. 26(b)(1)
(discovery is available as to any non-privileged matter that is
relevant to any party's claim or defense).

A deponent may not generally refuse to answer a deposition
question, except as necessary to preserve a privilege, to
enforce a court-ordered limitation, or to allow time to file a
motion asserting that the deposition is being conducted in bad
faith or in a manner that unreasonably annoys, embarrasses, or
oppresses the deponent or party.  See Fed. R. Civ. P. 30(c)(2).
If a claim of privilege is asserted, the party objecting to the
motion to compel bears the burden of establishing that the
privilege is applicable to the information at issue.  See

3

Lluberes v. Uncommon Prods., LLC, 663 F.3d 6, 24 (1st Cir.
2011); FDIC v. Ogden Corp., 202 F.3d 454, 460 (1st Cir. 2000).


    B.   Analysis

        1.   Refusals to Answer

    Bourne prefaced all of his deposition testimony by stating
that he would refuse to answer questions he deemed to be
irrelevant or to seek privileged information.  He refused to
answer a number of questions during the deposition, sometimes
relying exclusively on a relevance objection, and other times
specifying a claim of work product protection.  On one occasion,
he simply refused to provide an answer without asserting any
objection.[2]  The inquiries at issue concerned:

_____

    [2] With respect to the names of snowmobile club members,
Bourne simply refused to answer without asserting a specific
objection:

    [Atty. Cullen:]  And with respect to the snowmobile
    club, who specifically in the snowmobile club treats
    you differently after June 9th, 2010, than they did
    beforehand?

    [Bourne:]  Well, I'd have to give that some thought,
    but I'm not going to speculate on any particular names
    at this particular point.

    [Atty. Cullen:]  So you can't name anybody as we sit
    here today?

    [Bourne:]  I'm not going to name anybody at this
    point.

- The prior litigation involving Bourne and/or Bourne's property in Madison, discussed by Brooks or Arruda when they made their allegedly defamatory comments; and

- The names of snowmobile club members who treated Bourne differently before and after the alleged defamation occurred.

The court has examined the deposition transcript and finds that Attorney Cullen's questions and areas of inquiry during the deposition, including his inquiries into Bourne's cost basis for his property, the identity of possible witnesses, and Bourne's litigation history, were within the scope of permissible discovery in this case.

Federal Rule of Civil Procedure 30(c) indicates that objections as to form, hearsay, and relevance may be noted for the record during a deposition, but none of those objections typically provides a proper basis for refusing to answer a specific question.  <u>See</u> Fed. R. Civ. P. 30(c)(2).  Bourne's failure to respond completely to the questions at issue, in reliance only upon a relevance objection, violated Fed. R. Civ.

---

[Atty. Cullen:]  You're not going to or you don't know any names?
[Bourne:]  I said I'm not going to.

[Atty. Cullen:]  So you may know some names, but you're not willing to disclose them?

[Bourne:]  Correct.  I'll leave that for testimony in court.

Depo. of Samuel Bourne, May 7, 2012, at 66 (doc. no. 108-3).

P. 30(c)(2).  See <u>Kelly v. A1 Tech.</u>, 09 CIV. 962 LAK MHD, 2010
WL 1541585, *20 (S.D.N.Y. Apr. 12, 2010) (irrelevance is not
valid basis for refusing to answer); <u>see also</u> <u>Cante v. Baker</u>,
07-CV-1716 (ERK), 2008 WL 2047885, *2 (E.D.N.Y. May 9, 2008) ("A
hearsay objection is not a proper basis for a refusal to answer
deposition questions; rather, the witness may note the hearsay
objection on the record, 'but the examination still proceeds;
the testimony is taken subject to any objection.'" (quoting Fed.
R. Civ. P. 30(c)(2))).  Accordingly, to the extent Bourne relied
exclusively upon a relevance objection or upon no specific
objection when he refused to answer a question at the May 7
deposition, the deposition may be reconvened, and Bourne is
instructed to answer such questions.

    2.  <u>Work Product</u>

At the May 7, 2012, deposition, Bourne asserted claims of
privilege when he refused to respond to questions regarding:

- whether Bourne spoke to or otherwise communicated with a set of witnesses,

- the facts underlying his belief that witnesses listed in response to Interrogatory No. 16 knew or were influenced by the broadcasts (except as to Senator Ayotte and the Supreme Court justices, as to whom he provided an answer to the question at issue),

- the identity of persons he knows who saw the broadcasts or attended the meetings,

- whether he has a mortgage on the Madison property,

- whether he consulted with an attorney prior to his deposition (without saying what was said),

- whether he socializes with the persons listed in his discovery responses, and

- the names of his friends and associates in Madison, New Hampshire, and Carroll County.[3]

Work product protection does not typically shield from discovery the facts concerning the creation of work product or the facts contained within the protected materials. See Jones v. Secord, CIV.A. 11-91101-PBS, 2011 WL 2456097, *2 (D. Mass. June 15, 2011) (quoting Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995)); see also In re Grand Jury Subpoena, 220 F.R.D. 130, 141 (D. Mass. 2004).  The court's review of the transcript indicates that the inquiries at issue targeted facts, and did not require Bourne to reveal his thought-processes and mental impressions.  Bourne's work product objection to such questions is without merit.

Furthermore, to the extent that Bourne implicitly intended to rely on a work product privilege with respect to the names of snowmobile club members who treated him differently before and after the date of the alleged defamatory comments, this court

---

[3] Bourne also asserted a work product privilege as to whether he planned to testify.  Defendants have not specifically challenged this assertion of privilege, and the court declines to rule on this issue at this time.

concludes that the request sought relevant information and did not seek any information protected by the work product doctrine. Therefore, at a deposition reconvened pursuant to this court's order, Bourne is instructed to answer the questions at issue in this motion, as to which he asserted a work product privilege.

### 3.   Freedom of Association

Bourne further contends that a court order requiring him to disclose the names of his friends and associates in Carroll County (where the allegedly defamatory statements were published) would violate his constitutional rights as recognized in NAACP v. Ala. ex rel. Patterson, 357 U.S. 449 (1958).  That case stands for the proposition that compelled disclosure of the membership list of an advocacy organization may violate the First Amendment right to freedom of association.  See id. at 462.  Bourne, a Massachusetts resident who owns property in the Town of Madison, located in Carroll County, New Hampshire, has failed to make the requisite showing that he and his unnamed friends and associates in the area where he owns property belong to an association that engages in expression.  See generally Boy Scouts of Am. v. Dale, 530 U.S. 640, 648 (2000).  Moreover, Bourne has failed to provide affidavits or evidence upon which this court could find that disclosing the names of Bourne's Carroll County friends and associates in discovery in this

8

action would impair any expressive conduct by such an association or its members.  See id. at 652.  Bourne has thus failed to show that he has a constitutional privilege that would enable him to avoid disclosing names in response to deposition questions about persons with whom he socializes or associates in the Town of Madison or in Carroll County.

### 4.  Reading Glasses

The court declines to find bad faith in Bourne's failure to bring his reading glasses, given his assertion that he simply forgot them.  Bourne is specifically instructed in the future, however, to ensure that he has his glasses and such other personal items he might require, when he appears at a deposition or any other proceeding in this case, so that any further inconvenience and waste of resources will be avoided.

### C.  Sanctions

Defendants have requested sanctions including their costs and attorneys' fees for the motion (doc. no. 108), their costs and fees for the May 7 deposition, and the cost of reconvening a deposition of Bourne.  They have also requested an order precluding Bourne from introducing evidence of damages at trial as a sanction for failing to answer deposition questions.

Rule 30(d)(2) authorizes the court to impose sanctions on any "person who impedes, delays, or frustrates the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2).  Rule 37(a) authorizes an award of costs and fees if a motion to compel is granted, if an award would not be unjust, and if other facts listed in the rule do not render an award improper.  See Fed. R. Civ. P. 37(a).

Here, the court finds that a sanction is not appropriate. As to whether Bourne should be required to pay the costs of the May 7 deposition, to pay for a reconvened deposition, or to suffer the loss of an ability to present evidence at trial, the court finds as follows.  The May 7 deposition was suspended by defendants' counsel, not Bourne, and Bourne had not utterly failed to answer pertinent questions in that deposition.  Bourne is expected to bring his glasses, answer questions, and comply with the relevant rules at the reconvened deposition.  Further sanctions are not necessary or appropriate for remedial or deterrent purposes.

Moreover, as to whether an award of defendants' costs or fees for filing this motion should be rendered, this court's review of the docket for prior federal cases involving Bourne indicates that Bourne's lawyers in his presence threatened to suspend depositions if they strayed into matters that Bourne's

counsel deemed irrelevant.  In light of Bourne's pro se status in this litigation, and the possibility that his prior counseled experiences affected his understanding of proper deposition behavior in this case, the court finds that an award of fees and costs for filing the motion would not be just.  Moreover, Bourne's assertion of work product privilege, under the circumstances was substantially justified, in light of his pro se status.  Therefore, each party shall bear its own costs and fees on the motion to compel answers to deposition questions.

II.  <u>Motion for Contempt</u>

Defendants seek an order finding Bourne to be in contempt of this court's April 2, 2012, order (doc. no. 105), for failing to provide a complete response to Interrogatory No. 16, as drafted by defendants and as directed by the court.  Defendants also seek sanctions including the exclusion of evidence and their costs and fees associated with the motion for contempt, the underlying motion to compel, and their costs and fees associated with deposing Bourne.

Bourne objects to the motion for contempt, asserting that it was filed in bad faith.  He contends that he has properly complied with all court orders by providing a "more than complete" response to Interrogatory No. 16, and that requiring

him to limit his response to the question asked would require him to "produce hearsay comments . . . well beyond the scope of discovery, and not what the Court ordered."

A.  Standard

If a party fails to comply with court-ordered discovery, the court may issue further "just order[s]," including an order treating the failure to comply as a contempt of court and an order precluding the introduction of certain evidence.  Fed. R. Civ. P. 37(b)(2)(A); see also 28 U.S.C. § 636(e) (magistrate judge has civil contempt authority in consent cases).  To warrant a contempt finding, the moving party must prove by clear and convincing evidence that the respondent has violated an express and unequivocal court order.  See United States v. Conces, 507 F.3d 1028, 1041-42 (6th Cir. 2007).  In addition to or in lieu of a contempt finding, the court may award the moving party its reasonable expenses caused by the failure to comply with a discovery order, including costs and attorney's fees, unless the failure to comply was substantially justified or other circumstances make the award unjust.  Id. at 37(b)(2)(C).

B.   Analysis

For reasons discussed in connection with the court's April 2, 2012, order on the underlying motion, filed by defendants, see Order (doc. no. 93), and its order set forth herein on the motion to compel deposition answers, the court finds that there is clear and convincing evidence that Bourne failed to comply with the court's April 2 order, and that the order in question was unequivocal.  Bourne was instructed to provide a complete response to defendants' Interrogatory No. 16.  The interrogatory required him to identify each and every individual who he knows saw the allegedly defamatory broadcasts.  Bourne did not respond to that interrogatory as drafted.  Rather Bourne chose to respond to his own question; he named fifty five individuals (including the Justices of the New Hampshire Supreme Court and Sen. Kelly Ayotte), which he described as a list of

> each person who I believe [has] direct knowledge of, [has] been influenced by the Defamatory Broadcasts, [was] additionally notified by the Defendants of the details of said defamatory broadcast, [was] present during one of the defamatory broadcast[s] meetings, and/or [has] viewed the Defamatory broadcasts on local television . . . ."

Bourne declined to clarify who on the list had seen the broadcasts, when asked in his May 7, 2012, deposition.

Bourne did not have a license to redraft the interrogatory and to answer that redrafted version.  This court ordered Bourne

to answer the interrogatory that defendants drafted; Bourne has
not shown that his failure to do so was substantially justified.

Accordingly, defendants' motion for contempt is granted.
Plaintiff is found in contempt of the court's discovery order,
and sanctions therefor are specified below.  Bourne is not
required to pay defendants' expenses in connection with their
underlying motion to compel, for reasons stated in the court's
order on that motion, see Order (doc. no. 93)


III. Motion to Strike (doc. no. 117)

Local Rule 7.2(c) allows the filing of a motion to strike
materials offered in support of or in opposition to another
motion.  Defendants have moved to strike from the record
allegations set forth at pages 7-9 in Bourne's objection to the
motion for contempt (doc. no. 115), and exhibits G-M to that
objection, which purport to set forth a history of witness
tampering and harassment by defendants and their counsel.
Defendants contend that the allegations that they have a history
of poisoning pets, burning down homes, intimidating witnesses,
and blackballing building permit applicants is irrelevant,
impertinent, scandalous, unsupported by evidence, and untrue.

The court notes that the pages and exhibits in question
relate to a section of plaintiff's brief entitled, "Prior

14

History of Defendant's witness tampering, and harassment schemes, now forces the Plaintiff to add additional information that may be considered distracting, but still necessary." The court finds that the information asserted therein is generally distracting, irrelevant to the motion for contempt, scandalous, and generally unsubstantiated. Therefore, the motion to strike is granted in part, to the extent that the court will disregard the unsubstantiated allegations at issue in connection with its ruling on the motion for contempt. Although the court declines to further sanction Bourne, the court instructs Bourne not to use this case as a platform for dispensing irrelevant and unsubstantiated vitriol and invective.

IV.   Motion to Stay and Modification to Schedule

Defendants have requested that this court extend the summary judgment deadline and stay proceedings pending Bourne's compliance with this court's rulings on defendants' motion to compel deposition answers and motion for contempt. The court has authority pursuant to Fed. R. Civ. P. 37(b), upon finding a party in contempt, to stay further proceedings until the order is obeyed, and for good cause, the court may modify the pretrial schedule, pursuant to Fed. R. Civ. P. 16.

15

Having found Bourne to be in contempt with respect to his failure to comply with the court's order that he answer defendants' Interrogatory No. 16, the court directs that no further motions shall be filed by Bourne, without leave of court, until he serves defendants with a complete answer to Interrogatory No. 16.  The restriction shall be lifted by this court after it finds, upon a motion filed by any party, supported by an affidavit or other sworn declaration, that Bourne has complied with this court's order requiring him to serve defendants with an answer to Interrogatory No. 16. Furthermore, finding good cause to modify the pretrial schedule, pursuant to Fed. R. Civ. P. 16(b)(4), because of the delays engendered by these discovery disputes, the court further orders that the trial in this case be continued and that certain deadlines be extended, as set forth below.

V.    Cross Motion for Abuse of Process (doc. no. 112)

Plaintiff in his Cross Motion for Abuse of Process ("Cross Motion") seeks an order sanctioning defendants for allegedly abusing this court's process and acting in bad faith by filing their motion for contempt, motion to compel, and motion to stay proceedings.  Finding each of those motions to be well-founded and having granted relief in response to each, the court rejects

16

the contention that those motions were filed for an improper
purpose and denies the Cross Motion (doc. no. 112).

## Conclusion

For the foregoing reasons, the court issues the following
order:

1.  Defendants' motion for contempt (doc. no. 107) is
granted in part.  Bourne is directed to provide an answer to
Interrogatory No. 16 as drafted by defendants within 14 days of
the date of this Order.  Bourne is required to pay defendants'
reasonable expenses, including costs and attorney fees,
associated with the motion for contempt (doc. no. 107).
Defendants shall file a statement of such reasonable expenses,
including their costs and attorney's fees, within 20 days of
this order.  Bourne may file a response thereto within 30 days
of this order, and no further briefing by either party shall be
permitted, except as ordered by the court.  The court directs
that no further motions shall be filed by Bourne, without leave
of court, until he serves defendants with a complete answer to
Interrogatory No. 16, except as specified herein.  The
restriction on further filings shall be lifted by this court
after it finds, upon a motion filed by any party, supported by
an affidavit or other sworn declaration, that Bourne has

17

complied with this court's order requiring him to serve
defendants with an answer to Interrogatory No. 16, as required.

2.   Defendants' motion to strike (doc. no. 117) is granted
in part, to the extent that the court disregards all
unsubstantiated allegations of pet poisoning, black-balling, and
witness tampering, in connection with the court's ruling on the
motion for contempt.  The motion to strike is denied in all
other respects.

3.   Defendants' motion to compel (doc. no. 108) is
granted.  A deposition of plaintiff may be reconvened, with each
party bearing its own expenses.  The scope of the reconvened
deposition may exceed the scope of the May 7, 2012, deposition.
Plaintiff is specifically directed to respond to all questions
that he did not answer during the May 7, 2012, deposition.  As
to those questions, plaintiff is permitted to assert objections,
but is not permitted to refuse to answer.  Plaintiff is further
directed that he may not refuse to answer any questions
exceeding the scope of the May 7, 2012, deposition, except as
necessary to preserve a privilege or file a motion under Fed. R.
Civ. P. 30(d)(3).  Each party shall bear its own expenses
associated with Doc. No. 108.

4.   Defendants' motion to stay proceedings (doc. no. 109)
is granted.  The trial shall be continued, and interim deadlines

for discovery and dispositive motions in this case will be extended, pending further order of this court.  On or before August 15, 2012, the parties are directed to file individually or jointly a proposed schedule with such revised deadlines.

    5.   Plaintiff's "Cross Motion for Abuse of Process" (doc. no. 112) is denied.

        SO ORDERED.

                          _____
                          Landya McCafferty
                          United States Magistrate Judge


July 16, 2012

cc:  Samuel J. Bourne, pro se
     Brian J.S. Cullen, Esq.

LBM:nmd

19