UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Samuel J. Bourne

   v.                                                          Civil No. 10-cv-393-LM

John R. Arruda, Jr., et al.

**O R D E R**

Before the court is defendants' request (doc. no. 128) that plaintiff be ordered to pay their attorney's fees, in the amount of $992.00, associated with their successful litigation of a motion for contempt, within 10 days. Plaintiff has objected to the fee request. See Objection (doc. no. 130). Also before the court is a motion to strike (doc. no. 132) the objection.

**Background**

Plaintiff did not provide a complete, non-evasive answer to defendants' Interrogatory No. 16 when due, and defendants moved to compel a complete answer, pursuant to Fed. R. Civ. P. 37(a). The court granted that motion on April 2, 2012. See Order (doc. no. 93). After the court compelled him to answer that interrogatory, plaintiff responded by posing a different question in lieu of the interrogatory drafted by defendants, and then answering his own question. Defendants moved for contempt,

and the court granted that motion in an order issued on July 16, 2012.  See Order (doc. no. 126).  In the July 16 order, the court found plaintiff to be in contempt of the April 2012 discovery order and barred plaintiff from filing further motions without the court's leave until he answered Interrogatory No. 16.  As an additional sanction, the court awarded defendants their reasonable expenses associated with the motion for contempt, pursuant to Fed. R. Civ. P. 37(b)(2)(C).  See Order (doc. no. 126).

**Discussion**

I.   Motion to Strike

Defendants contend that plaintiff's objection (doc. no. 130) to their fee request should be stricken because it includes requests for relief and allegedly misleads the court and the public.  This court specifically granted plaintiff leave to file a response to defendants' statement of expenses.  See Order (doc. no. 126).  This court need not strike the response and alter the docket simply because the response includes arguments and requests that the court is fully capable of considering or rejecting.  Accordingly, the motion to strike (doc. no. 132) is denied.

II.   Expense Statement

   A.   Attorney's Fees

Defendants seek payment of their attorney's fees, in the amount of $992.00, based on the July 16 order (doc. no. 126). "The proper method of awarding attorneys' fees . . . is the lodestar method, in which the court multiplies a reasonable hourly rate by a reasonable number of hours expended." Astro-Med, Inc. v. Plant, 250 F.R.D. 28, 30 (D.R.I. 2008). Plaintiff does not dispute the hourly rate ($160.00), and the court finds that rate to be reasonable and commensurate with that awarded in similar circumstances. See, e.g., Saalfrank v. Town of Alton, 08-CV-46-JL, 2010 WL 839884, *11 (D.N.H. Mar. 5, 2010).

Plaintiff asserts that the fees claimed for counsel's work on matters other than the motion for contempt should not be taxed to him, and asserts that further clarification of the expense statement as to such combined billing is necessary. The court has reviewed the record, and finds that counsel's explanation for the hours at issue provides sufficient detail to allow plaintiff to dispute the accuracy and reasonableness of the time claimed for the tasks listed therein.

Courts may reduce by 50% the hours claimed, if the party fails to provide a sufficiently detailed statement to allow the opposing party to dispute the statement's accuracy or to contest

whether time spent was reasonable. Martinez v. Hodgson, 265 F. Supp. 2d 135, 141 (D. Mass. 2003). Defendants' counsel has specifically acknowledged that three entries include time spent on two closely-related motions, in addition to time spent on the motion for contempt. Those three entries amount to only one hour of the total time at issue. Counsel has proposed to reduce the total time claimed by 0.6 hours, or 60% of the time attributable to the three combined entries. The court rejects plaintiff's request for further clarification and finds a reduction of 0.6 hours to be reasonable.

Counsel further requests payment for time spent in preparing the statement of expenses (0.7 hours). The court finds that amount of time to be reasonable and to have resulted from plaintiff's unjustified noncompliance with the discovery order, see, e.g., Fed. R. Civ. P. 37(b) (if party fails to obey discovery order, court must generally order payment of reasonable expenses "caused by the failure"). As such, the 0.7 hours is properly taxed as a sanction, pursuant to Fed. R. Civ. P. 37(b)(2)(C). Accordingly, plaintiff shall pay for 6.2 hours of attorney-time, at $160.00 per hour, for a total of $992.00.

B.  <u>Payment Deadline</u>

Defendants seek an order requiring plaintiff to pay their fees within ten days. In support of the short deadline, defendants assert that an assessment of fees and costs has been pending against plaintiff in state court since April 2012. Plaintiff's retort is that the state court issues are irrelevant, that defendants should be sanctioned for raising such issues, and that he should not be required to pay a sanction "until all [his] appeal rights have been exhausted." He has further asserted that ordering him to pay $992.00 now will limit the funds he has earmarked for taxes and/or the funds "needed to put food on the table."

As to plaintiff's request that defendants be sanctioned, the court finds that defendants have not unreasonably expanded the scope of their expense statement by showing why they request a short, secure deadline for the required payment. Moreover, plaintiff's request for a sanction is not properly asserted in an objection to a request for payment of fees, and will thus not be considered by the court at this time. <u>See</u> Fed. R. Civ. P. 7(b).

Plaintiff's request for a stay of the sanction is similarly improperly made in the objection rather than a motion showing his entitlement to such relief. <u>See</u> <u>id.</u>; <u>see also</u> <u>Hatfill v.</u>

5

Mukasey, 539 F. Supp. 2d 96, 99 (D.D.C. 2008) (discussing factors relevant to issuance of stay pending nonparty's appeal of contempt sanction). Further, plaintiff has not demonstrated that an interlocutory appeal is pending or permissible in these circumstances.[1] An order addressing whether to grant a stay pending an appeal would therefore be premature.

Given plaintiff's claim of financial hardship, which the court accepts for purposes of this order (although it was asserted without documentary support), the court finds that a short deadline would not be appropriate. Further, nothing in the record gives the court reason to believe that providing Bourne additional time to pay $992.00 would cause substantial prejudice to defendants. The court allows plaintiff 60 days from the date of this order to pay the fees, without interest accruing.

C. Remaining Issues

The court has reviewed the remaining arguments in plaintiff's objection (doc. no. 130) and finds no reason to reconsider its findings regarding plaintiff's contempt, and no

---

[1]The court declines to rule on whether the sanction or the contempt order is immediately appealable. See U.S. Public Interest Research Group v. Atlantic Salmon of Maine, LLC, 262 F. Supp. 2d 1, 1 (D. Me. 2003) (party may not file interlocutory appeal of civil contempt order (citing In re Licht & Semonoff, 796 F.2d 564, 568 (1st Cir. 1986)).

6

other grounds in the record for rescinding or reducing the Rule 37(b)(2) fee award.

## Conclusion

For the foregoing reasons, the court denies the motion to strike (doc. no. 132). The court directs plaintiff to pay $992.00 to defendants' counsel within 60 days of the date of this order. Failure to comply with this order may result in further sanctions, including, but not limited to, a further assessment of fees and costs.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

August 7, 2012

cc: Samuel J. Bourne, pro se
    Brian J.S. Cullen, Esq.

LBM:nmd