```
           UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Samuel J. Bourne

   v.                              Civil No. 10-cv-393-LM

John R. Arruda, Jr., et al.


### O R D E R

Before the court is Bourne's motion for contempt (doc. no. 137), which includes a request for an order finding a third party, Robert King, in contempt of court for failing to comply with a subpoena, and compelling King to produce the documents or electronic information listed in the subpoena without redaction.[1] For the following reasons, the motion for contempt (doc. no. 137) is denied.


### Background

Bourne was issued a blank subpoena by the court.  Bourne filled it in, directing King to produce, by August 17, 2012, the "email addresses used by King in distributing case updates relating to the Bourne litigation . . . and copies of all of his

---

[1] In a separate order issued on this date, the court has granted Bourne's expedited motion (doc. no. 135) for leave to file the motion for contempt and has directed the clerk to docket the motion for contempt as filed on the date of this order.

emails relating either to this defamation case, or to defendants' alleged defamation of Bourne at the June 2010 and February 2011 selectmen's meetings." King served Bourne with an objection to the subpoena, stating that the subpoena is unduly burdensome, overbroad, invasive of his privacy, likely to chill his First Amendment rights, and not reasonably likely to lead to admissible evidence. King asserted that he would produce documents in response to the subpoena after redacting the names and email addresses and other unrelated material. Additionally, King stated his intention to withhold privileged work product and attorney-client communications.

## Discussion

I.  Request for Finding of Contempt

If a person receives a subpoena for the production of documents and thereafter serves a timely objection to that subpoena, the person is not required to comply with the subpoena until subsequently ordered to do so by the court. See Fed. R. Civ. P. 45(c)(2)(B); 9A Chas. Wright et al., Fed. Prac. & Proc. Civ. § 2463 (3d ed.). This court has not issued an order compelling King to comply with Bourne's subpoena. Accordingly, King is not in contempt of any court order.

II.   <u>Request for Order to Compel</u>

Bourne requests that the court compel King to produce the information listed in the subpoena.  King has stated an intention to withhold three types of information, as follows: (1) the names and email addresses of third parties who receive emails from him; (2) other information that King considers unrelated to Bourne or to this litigation; and (3) privileged attorney-client communications and attorney work product, relating to King's communications with counsel and/or co-defendants in prior litigation, which King has agreed to list in a privilege log.

As to the email addresses of third parties and other information unrelated to Bourne and the issues in this case, the motion to compel is denied as Bourne has failed to show that his discovery of such third party correspondence and contact information is likely to yield any relevant and/or admissible evidence relating to any claim or defense in this case.  As to documents that King deems privileged, King has yet to produce a privilege log, and Bourne has failed to show that any unprivileged, discoverable documents will be withheld by King. If, after King produces the promised privilege log, Bourne and King are unable to resolve any issues relating to any specific

documents that King may choose to withhold or redact, Bourne may, at that time, renew his motion to compel.

The court has considered the remaining issues in the motion (doc. no. 137) and finds those issues to be without merit.

## Conclusion

For the foregoing reasons, the court denies the motion (doc. no. 137).  The clerk is directed to mail a copy of this order to Robert King, at the address provided by Bourne.  See Subpoena (doc. no. 135-2).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

August 20, 2012

cc:   Samuel J. Bourne, pro se
      Brian J.S. Cullen, Esq.
      Robert King

LBM:nmd