**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Samuel J. Bourne

    v.                                             Civil No. 10-cv-393-LM

John R. Arruda, Jr., et al.

**O R D E R**

Before the court is Bourne's motion (doc. no. 142) to compel Robert King, who is not a party to this action, to produce information in response to a subpoena served upon him. King, appearing pro se, objects (doc. no. 146).

Background

Bourne served upon King a subpoena for production of:

> email addresses used by King in distributing case updates relating to the Bourne litigation . . . and copies of all of his emails relating either to this defamation case, or to defendants' alleged defamation of Bourne at the June 2010 and February 2011 selectmen's meetings.

Before the production was due, Bourne filed a motion for contempt, which this court denied.  See Order (doc. no. 138). On August 16, 2012, King produced a set of emails with redactions of information he considered irrelevant, along with a privilege log, and a statement indicating that he would not reproduce certain documents that defendants already produced in discovery.

King specifically redacted part or all of the text of three emails set forth on documents identified as RDK007-RDK009.  King has filed unredacted copies of each of those emails under seal for in camera review.  See Order (doc. no. 147).

## Discussion

In the motion to compel, Bourne challenges King's failure to disclose the names and email addresses of persons to whom he has sent case updates, as well as King's failure to produce or claim a privilege as to emails sent to Madison Police Chief Mullen, the snowmobile club, and others.  Bourne seeks to compel production of "a plethora" of documents, names, and email addresses he claims King has neither produced nor properly withheld.[1]

A.   Standard

If a nonparty has objected to a subpoena for the production of documents, production is required only as directed by the court, and an order compelling production must protect nonparties from any significant expense of compliance.  See Fed. R. Civ. P. 45(c)(2)(B).  Valid bases for objecting to subpoenas

---

[1]Bourne also accuses King of bad faith.  The court has reviewed the motion, the attachments, and King's objection thereto, and concludes that the allegation of bad faith is meritless.

are set forth in Rule 45 and Rule 26, which are considered in pari materia.  See, e.g., Frazier v. Bed Bath & Beyond, Inc., 11-MC-80270 RS NC, 2011 WL 5854601, *2 (N.D. Cal. Nov. 21, 2011); U.S. Bank Nat. Ass'n v. James, 264 F.R.D. 17, 18 (D. Me. 2010).

Pursuant to Fed. R. Civ. P. 26(b), discovery may be obtained as to any nonprivileged information that is reasonably calculated to lead to the discovery of admissible evidence, see Fed. R. Civ. P. 26(b)(1).  The party moving to compel discovery bears the burden of showing that the information is relevant.  See Caouette v. OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005).  The court must limit discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, considering factors in Fed. R. Civ. P. 26(b)(2)(C)(iii); cf. Ackermann v. N.Y.C. Dep't of Info. Tech. & Telecomms., 09 CV 2436 JBW/LB, 2010 WL 1172625, *1 (E.D.N.Y. Mar. 24, 2010) (quashing as unduly burdensome subpoena duces tecum served on third party lacking personal knowledge of plaintiff's claim).

B.   Missing Emails

Bourne asserts that King's production is incomplete because it does not include emails to Chief Mullen and snowmobile club members.  In an affidavit, however, King attests that he conducted a diligent search, that he has not deleted any emails

3

relating to Bourne, and that he has withheld no responsive emails other than those listed in the privilege log or already produced through discovery.  While the court cannot rule out the possibility that King sent emails to the snowmobile club officers concerning Bourne's property, and to Chief Mullen conveying King's concern that Bourne posed a public safety threat, such emails do not relate to the selectmen's alleged defamation of Bourne or to other issues in this defamation case, which is the type of information expressly targeted by the subpoena.  The subpoena did not direct King to produce <u>all</u> emails relating to Bourne.  Accordingly, the motion is denied to the extent that it seeks additional responsive, nonprivileged emails.[2]

C.   <u>Names and Email Addresses</u>

In the order denying Bourne's motion for contempt, <u>see</u> Order (doc. no. 138), this court previously rejected Bourne's request that King be directed to produce the names and email addresses of recipients of his case updates.  Bourne has contended that everyone who received King's case updates is a

---

[2]The privilege log includes correspondence between King, counsel for defendants, and two others, one of whom is an agent of the insurer providing the Town with representation in this case.  Bourne has not challenged King's assertion of privilege as to any documents listed in the privilege log, and that issue will not be considered further by this court.

4

potential witness "exposed" to the alleged defamation.  That contention remains unsubstantiated.  Bourne has not pointed to evidence suggesting that the email recipients witnessed the meetings or broadcasts, or that they are likely to be able to testify as to any claim or defense in this lawsuit.  The court can find no basis upon which to order disclosure of the personal contact information of nonparties, simply because another nonparty chose to send them case updates.  Accordingly, the court denies the motion as to the names and email addresses at issue.

        D.   <u>Redacted Text</u>

The court has reviewed the redacted text in the emails produced by King and agrees generally with King's assertion that the redacted information is irrelevant.  The redacted text is also generally not within the scope of the subpoena, with one exception:  the first sentence of the third paragraph of an email sent by King to an undisclosed recipient on June 22, 2011, which describes the June 9 selectmen's meeting relating to Bourne.  Such information is discoverable and responsive to the subpoena.  Moreover, King has not shown that compelled disclosure of that text will cause him to incur any significant expense.  The motion to compel is thus granted as to the cited sentence, but denied in all other respect, as set forth below.

<u>Conclusion</u>

The court grants the motion to compel (doc. no. 142) in part, to the extent that King, within ten days of this Order, shall serve upon Bourne a copy of the June 22, 2011, email, reproduced at RDK007, with the first sentence of the third paragraph unredacted.  King is not required to disclose any other part of that email to Bourne.  The motion to compel (doc. no. 142) is denied in all other respects.  King and Bourne shall bear their own costs.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

September 25, 2012

cc:  Samuel J. Bourne, pro se
     Brian J.S. Cullen, Esq.
     Robert King, pro se

LBM:nmd