**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Samuel J. Bourne</u>

   v.                                                          Civil No. 10-cv-393-LM

<u>John R. Arruda, Jr., et al.</u>

**O R D E R**

Before the court is Bourne's affidavit (doc. no. 145), which has been construed as a request that the court lift a filing restriction imposed against him in this case, <u>see</u> Order (doc. no. 126). Also before the court is Bourne's expedited motion to continue the discovery period (doc. no. 144) and his motion for sanctions (doc. no. 143). Defendants have objected to both motions (doc. nos. 152 and 153), and do not concur in the request that the filing restriction be lifted (doc. no. 149).

<u>Discussion</u>

I.   <u>Filing Restriction</u>

On July 26, 2012, this court issued an order (doc. no. 126) precluding Bourne from filing any further motions without the court's leave, until either party showed that Bourne had answered defendants' Interrogatory No. 16. Bourne has since filed an affidavit stating that he served an answer to that

interrogatory as required, and defendants have not contested that assertion. See Defs.'s Response (doc. no. 149). Accordingly, the court lifts the filing restriction, effective August 27, 2012, the date Bourne filed his affidavit (doc. no. 145).

II. Motion for Sanctions

In his motion for sanctions, Bourne accuses defendants of bad faith and discovery misconduct, and seeks sanctions. Among other things, Bourne points to Robert King's privilege log and an email sent by Robert King to Madison Town Clerk Marcia Shackford, dated November 27, 2010, asking Shackford to forward to her husband an email from King and then to delete the original from her office computer, which Bourne claims proves that defendants destroyed or otherwise failed to produce documents he requested through the discovery process.

The court has considered Bourne's arguments, examined the documents cited by Bourne, and reviewed defendants' response. The court finds Bourne's claims of bad faith and misconduct to be generally unsubstantiated. As to King's privilege log, Bourne has not shown that he propounded on defendants any discovery request encompassing any document listed in King's privilege log; nor is it likely that defendants could have

produced those documents, as defendants are not listed as senders or recipients of any of them.

With respect to the November 27 email from King to Shackford, however, Bourne has identified a single document that was discoverable and not produced, namely, a short cover email to Shackford from King, asking her to forward a longer email.[1] Defendants, in September 2011, did in fact produce to Bourne the substantive, longer email that King sought to send to the Town Clerk's husband, but did not produce the November 27 cover email to the Town Clerk.

The court finds that the defendants' failure to produce this document was an oversight and not misconduct.  The court finds no evidence of defendants' bad faith.  The court accepts as true counsel's sworn statement that defendants in good faith searched through their records to find all relevant documents responsive to Bourne's discovery requests.  The record presents no proof that the missing email was willfully withheld, or that certain files were intentionally omitted from the scope of the search to stymy Bourne's discovery.

---

[1] The email missing from defendants' production states, as follows,

> Hello Marcia:
>     Please forward this email to your home computer so that Jesse can read it. Then please delete it from your office computer.  Bob King

3

Assuming the email in question was deleted at King's request, the record does not suggest that any other discoverable documents were deleted, or that Shackford or any other Town agent had a policy or practice of deleting emails relating to Bourne.  The court finds to be plausible King's explanation that he asked Shackford to delete the email because he intended to send it only to Shackford's husband, using the Town Clerk's computer only as a conduit, and not to have it archived as a Town record.  Shackford is not named as a defendant, and Bourne did not respond to counsel's requests that he identify specific custodians of Town records whose files should be searched for responsive documents.  Bourne's assertion that additional responsive documents exist, or were likely destroyed, is purely speculative.  Accordingly, the court denies the motion for sanctions.  The court declines to award either party its costs.

III. <u>Extension of Discovery Period</u>

The discovery period in this case ended on August 31, 2012, after delays engendered by discovery disputes had caused the court to extend an April 2012 discovery deadline.  Bourne requests an additional extension so that he can obtain documents "concealed" by defendants and "withheld" by King.

Bourne has not substantiated either accusation.  This court has generally denied Bourne's recent discovery motions, with the

exception of a single sentence in an email sent by King to a nonparty, which this court ordered King to produce.  Production of that portion of King's email is not likely to trigger a need for further discovery that could not have been foreseen and scheduled earlier.

The parties have had ample time to conduct discovery and to investigate issues in this case.  Bourne has not identified any additional discovery that he would undertake if an extension were granted, and he has not otherwise shown that an extension is necessary.

Moreover, extending the discovery period could affect the timeline for dispositive motions; as such motions may help refine or resolve the issues in the case, further delays are not in the interests of justice.  Accordingly, the motion to continue the discovery period is denied.

## Conclusion

For the foregoing reasons, the court DENIES the motion for sanctions (doc. no. 143), and the motion to continue the discovery period (doc. no. 144), and GRANTS Bourne's request to lift the filing restriction originally imposed by the July 16,

2012, Order (doc. no. 126). The parties shall bear their own costs.

    SO ORDERED.

                                                       _____
                                                    Landya McCafferty
                                                    United States Magistrate Judge

September 25, 2012

cc:   Samuel J. Bourne, pro se
      Brian J.S. Cullen, Esq.

LBM:nmd

6